RICHARD ROE, casual ejector, and MATTHEW COGGIN, tenant in possession, plaintiff in error, vs. JOHN DOE, ex dem., STEPHEN JONES, and others, defendants in error.

[1.] A new trial will not be granted by this Court on the ground that the verdict is unsupported by the evidence, in a case where the evidence is highly conflicting, and a new trial is refused by the presiding Judge.

[2.] A new trial will not be granted on the ground of newly discovered evidence, where the evidence so discovered, is merely cumulative.

Ejectment, in Pike Superior Court. Tried before Judge CABANISS, October Term, 1858.

This was an action of ejectment by Doe, upon the several demises of Bivins, Burrows, Lewis, Spurlin, and Jones, against Roe, casual ejector, and oggin Gregg, and Matthew Coggin, tenants in possession, for the recovery of sixteen acres of land, on the east side of lot of land No. 177, in the ninth district of Pike county.

The case being submitted upon the testimony and charge of the Court, the jury found for the plaint ff the premises in dispute.

Defendant moved for a new trial on the grounds, that the verdict was contrary to law and evidence, and against the weight of evidence, and because of ne ly discovered evidence.

The Court refused to grant a new trial, and defendant excepted.

The opinion of this Court contains all the facts necessary to a correct understanding of the case.

GIBSON, for plaintiff in error.

FLOYD; and G. J. GREEN, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

[1.] The main question in this case is, whether the verdict has sufficient evidence to support it. We think it has. The dispute was as to the dividing line between adjacent lots No. 177, and 176 ; the plaintiff being owner of the first, and the defendant of the last. The beginning point being the north-east corner of 177 and north-west corner of 176, was undisputed. The corner at the opposite end of the dividing line, being the south-east corner of 177, and the south-west corner of 176, was the point of dispute. There were no line trees pointing to either the corner claimed by the one or that claimed by the other, and the plaintiff had the advantage of corresponding with the *course* called for in the plats of both lots. So far, the evidence is in favor of the plaintiff. Again, the line claimed by plaintiff, when extended through the brace of lots lying immediately south of 177 and 176, coincides with the dividing line between those southern lots. Now these two southern lots call for the same corner as the other two, and for a dividing line running the same course as the dividing line between 177 and 176— that is to say, the dividing line between the one set of lots, is but an extension of the dividing line between the other set—just as it turns out to be on running to the corner claimed by the plaintiff. This is a strong circumstance. Neither of the corners as claimed is now to be found. Mr. Spurlin testifies, that he knew the corner tree twenty-five or thirty

years ago, and that it had marked upon it the numbers 177, 176, and 175, indicating it to be the corner of those lots. He said it stood where the defendant claims the corner now to be. This is of course strong evidence for the defendant. But Mr. Spurlin is contradicted by another witness who says he had seen and examined the same tree about which Mr. Spurlin testified, and that it had no numbers on it; and still by another witness who says Mr. Spurlin told him he knew nothing about the corner. This statement Mr. Spurlin says he does not remember. The other evidence for the defendant consisted of admissions by the plaintiff, recognizing the line as claimed by defendant. This is the substance of the evidence. It is highly conflicting. The presiding Judge was satisfied with the verdict, and we cannot see sufficient reason to disturb it.

[2.] The newly discovered evidence was clearly merely cumulative, and this ground was not urged in argument.

Judgment affirmed.